### UNITED STATES DISTRICT COURT
#### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

August 20, 2020

To:     All parties of record

<b><u>REPORT & RECOMMENDATION</u></b>

  Re: <u>*D.A.S. v. St. Michael's Medical Center, et al.*,<br>
     Civ. A. No. 20-2998 (SDW) (LDW)</u>

Dear Litigants:

  Before the Court is a motion by *pro se* plaintiff D.A.S. to rescind a stipulation of dismissal. (ECF No. 16). The Honorable Susan D. Wigenton, U.S.D.J. referred the motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the papers plaintiff submitted in support of the motion, as well as defendants Center for Family Guidance, Dr. Sarabjit Singh, Dr. Suraya Kawadry, Olayenka Aramide, and Linda Gable Adams's June 1, 2020 response thereto (ECF No. 17), the Court recommends that plaintiff's motion be **DENIED**.

  In a complaint filed March 18, 2020, plaintiff D.A.S. asserts, among other things, state and federal constitutional claims arising from medical treatment she received during a period of involuntary commitment at St. Michael's Medical Center in March 2018. St. Michael's Medical Center and various medical personnel named as defendants have not appeared or answered. Defendants Center for Family Guidance, Dr. Sarabjit Singh, Dr. Suraya Kawadry, Olayenka Aramide, and Linda Gable Adams (the "Answering Defendants") appeared by counsel and answered the complaint on May 14, 2020. (ECF No. 5). On May 21, 2020, plaintiff filed what was styled a "Motion to Withdraw the Complaint Against Saint Michael's Medical Center and All Defendants." (ECF No. 13). Judge Wigenton granted plaintiff's application later that day, and the Clerk of Court closed the case. (ECF No. 14). On May 29, 2020, plaintiff filed the instant "Motion to Rescind the Stipulation of Dismissal." (ECF No. 16).

  With respect to the defendants who had not appeared or answered, plaintiff's "Motion to Withdraw the Complaint" is properly construed as a notice of voluntary dismissal filed "before the opposing party serves either an answer or a motion for summary judgment" pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. This dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B); *see also In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("[A] filing under [Rule 41(a)(1)(A)(i)] is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to

end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case."). With respect to the Answering Defendants, although plaintiff refers to rescinding a stipulation of dismissal, and the Answering Defendants confirm that a stipulation of dismissal was executed, plaintiff never filed such stipulation. Therefore, Judge Wigenton's May 21, 2020 Order operates as a dismissal without prejudice at the plaintiff's request pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff now asks that the Court rescind the stipulation of dismissal and schedule a hearing to discuss what evidence plaintiff needs to prosecute her claims.[1] (ECF No. 16). In support of this application, plaintiff explains that she essentially changed her mind about withdrawing her complaint and she felt that counsel for the Answering Defendants "bullied" her into signing a stipulation of dismissal by "ma[king] it seem to me that the US courts would find me as filing a frivolous lawsuit." (*Id.* at ¶¶ 1, 3). However, later in the same document, plaintiff reaffirms her intention to dismiss claims against at least three of the five Answering Defendants. (*Id.* at ¶ 10 (restating her desire to dismiss claims against Olayenka Aramide, the Center for Family Guidance, and Dr. Suraya Kawadry)). Mindful of the obligation to liberally construe *pro se* submissions, the Court treats plaintiff's application as a motion to vacate dismissal and reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

As an initial matter, because this action has been dismissed without prejudice, the proper method for reinstating some or all claims is to file a new action, not to attempt to reopen the closed case. *See Braun v. Gonzales*, Civ. A. No. 11-186-RGA, 2013 WL 1405946, at *1 (D. Del. Apr. 8, 2013) ("When the Court granted Plaintiff's motion to voluntarily dismiss the case, it removed the case from the Court's docket. Plaintiff may not restore the case to the docket simply by moving to reopen. Rather, Plaintiff must refile the complaint, assuming her claims are not time-barred." (citations omitted)). Indeed, "Rule 41 provides that after a plaintiff's voluntary dismissal, the plaintiff may file the complaint one more time, but . . . if it should be dismissed voluntarily again, it will be with prejudice. . . . Clearly, Rule 41 has a set of procedures in place whereby a plaintiff may proceed with caution in refiling the complaint [following voluntary dismissal]. As such, allowing the use of Rule 60(b) to undo a Rule 41 voluntary dismissal would amount to allowing plaintiffs to circumvent procedures already set in place by the Federal Rules." *Thomas v. Ramapo College of N.J.*, Civ. A. No. 10-3898, 2011 WL 3206448, at *2 (D.N.J. July 27, 2011).

In any event, plaintiff has not set forth any grounds for vacating the order of dismissal or reopening this case under Rule 60(b). Rule 60(b) allows a party to seek relief from final judgment[2]

---

[1] Insofar as plaintiff requests a hearing to discuss with the Court whether she "need[s]s a Certification/Affidavit of Merit to proceed in the civil rights portions," (ECF No. 16), that request is denied because Judges cannot provide legal advice to *pro se* litigants. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("The general rule, then, is that courts need not provide substantive legal advice to pro se litigants.").

[2] The Court assumes for purposes of this motion that the voluntary dismissal without prejudice could be considered a final judgment. *But see Sciore v. Phung*, Civ. A. No. 18-13220, 2019 WL 4126651, at *2 (D.N.J. Aug. 30, 2019) ("[I]t does not appear that a plaintiff's unilateral voluntary

under limited circumstances, including "mistake, inadvertence, surprise, or excusable neglect," or "misconduct by an opposing party," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (3), (6).  Here, there is nothing to suggest that plaintiff's decision to file the "Motion to Withdraw the Complaint" was the product of mistake or neglect.  She has simply had a change of heart about her willingness or ability to pursue claims against at least some of the named defendants.  *See Thomas*, 2011 WL 3206448, at *3 ("Plaintiff made a deliberate choice to request dismissal of his complaint, and . . . he has not alleged that there was any mistake or neglect on his part.  Instead, he has essentially just changed his mind regarding his decision not to go forward with his claims in federal court.  Under these circumstances, he cannot utilize Rule 60(b) to undo his earlier decision, but must instead follow the procedural rules laid out in Rule [41] by refiling his complaint as a new case if he so chooses.").

While plaintiff asserts that she felt opposing counsel "bullied" her into signing a stipulation of dismissal with respect to the Answering Defendants, it is not clear what, if anything, opposing counsel actually communicated to plaintiff to give her the impression that the lawsuit could be considered frivolous.  Absent such allegations, the Court cannot find the mere expression of counsel's view of the relative strengths and weaknesses of the parties' positions – to the extent such communication even occurred – to constitute misconduct warranting reopening this case.  *See Pennsylvania v. Boldrini*, Civ. A. No. 3:19-1401, 2019 WL 5067441, at *2 (M.D. Pa. Oct. 9, 2019) (denying motion to reopen case where *pro se* litigant alleged that decision to file notice of voluntary dismissal was made under duress due to unspecified "threat" by Magistrate Judge assigned to the case).  Moreover, this action was dismissed pursuant to Rule 41(a)(1)(A)(i) and 41(a)(2) in response to plaintiff's "Motion to Withdraw the Complaint," not as a result of the filing of a stipulation of dismissal.  Regardless of whatever second thoughts plaintiff has had about signing the stipulation of dismissal, she separately requested that claims against all defendants, including the Answering Defendants, be dismissed, and there is nothing in the record to suggest that her decision to file the "Motion to Withdraw the Complaint" was motivated by duress or any other conduct by opposing counsel.  Finally, plaintiff has not set forth any "exceptional circumstances" justifying "extraordinary relief" under Rule 60(b)(6).  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

Accordingly, the Court recommends that plaintiff's motion to rescind the stipulation of dismissal be **DENIED**.  The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Hon. Susan D. Wigenton, U.S.D.J.

      _s/ Leda Dunn Wettre_
      Hon. Leda Dunn Wettre
      United States Magistrate Judge

Orig:   Clerk
cc:     Hon. Susan D. Wigenton, U.S.D.J.

---

dismissal under Rule 41(a)(1)(A)(i) constitutes a final judgment, order, or proceeding required by Rule 60(b).").